PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Saturn Ion struck a hole on County Route 33, locally designated Bunners Ridge Road, in Fairmont, Marion County. County Route 33 is a public road maintained by *177 Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:30 p.m. in July of2008. At the location of the incident, County Route 33 is a narrow two-lane road with one lane of traffic in each direction and a 15 mile per hour curve with a guardrail on the right side. Claimant testified that she travels this route regularly and was familiar with the defect in the pavement prior to the incident at issue, and usually maneuvers her vehicle around the hole by driving in the middle of the road. However, on the date in question, Claimant approached the hole in her lane when oncoming traffic approached in the opposite lane. Claimant stated that she could not avoid her vehicle striking the hole by driving to the right, because of the guardrail, or to the left, because of oncoming traffic, but she could not recall whether she would have been able to avoid the defect by braking her vehicle. As a result of this incident, Claimant’s vehicle sustained damage to the front and rear driver’s side rims, requiring their replacement and a wheel alignment in the amount of $324.85. Since Claimant’s insurance declaration sheet indicates that her collision deductible is $250.00, her recovery is limited to that amount.
The position of the Respondentis that it did not have actual or constructive notice of the condition on County Route 33 at the time of the incident. Michael Roncone, Highway Administrator for Respondent in Marion County, testified that he is familiar with County Route 33 and the location of the defect struck by Claimant’s vehicle. Mr. Roncone stated that at the time and location of the incident there was utility work in progress, which Respondent was waiting to be completed before paving the road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dept of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on County Route 3 3. Since the defect in the traveling portion of the road created a hazard to the traveling public, the Court finds Respondent negligent. However, in a comparative negligence jurisdiction, such as West Virginia, the negligence of a Claimant may reduce or bar recovery of a claim. In accordance with the finding of fact and conclusions of law stated herein above, the Court has determined that Claimant was 25 % negligent for the incident that occurred. Since Respondent’s negligence was greater than the negligence of Claimant, Claimant may recover seventy-five percent (75%) of her loss.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $187.50.
Award of $187.50.